JDN

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Tindall, ) | No. CV 05-0341-PHX-DGC (JRI) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Kmart Corporation, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, currently confined in the Rynning Unit - Eyman, in the Arizona State Prison in Florence, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A.   Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $150.00 for this action. An initial partial filing fee of $14.81 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1  Plaintiff should take notice that if he is released before the filing fee is paid in full, he must
2  pay the remaining unpaid amount of the filing fee within 120 days of the date of his release.
3  **B.       Statutory Screening of Prisoner Complaints.**
4  The Court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
8  may be granted, or that seek monetary relief from a defendant who is immune from such
9  relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured
10 by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the
11 complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th
12 Cir. 2000) (en banc). The Court is required to grant leave to amend "if a complaint can
13 possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court
14 therefore should grant leave to amend if the pleading could be cured by the allegation of
15 other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.
16 Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot
17 be corrected.
18 **C.       Complaint.**
19 Plaintiff's action concerns an incident at Kmart on April 20, 2002. Plaintiff alleges
20 that two "loss prevention agents" employed by the store disregarded Kmart policy to
21 avoid threatening confrontations, and attacked Plaintiff with excessive force.
22 Consequently, Plaintiff was shoved to the ground and suffered lacerations to the chin,
23 head trauma, a hand injury and bruises. Named as Defendants are Kmart Corporation,
24 Joseph Hass, and Thomas Shannon Boaz. For relief, Plaintiff seeks monetary damages,
25 attorneys fees and court costs.
26
27
28

1  **D.    Failure to State a Claim.**

2  In order to recover under § 1983, a plaintiff must show: (1) violation of a right
3  protected by Constitution or federal law; (2) that was proximately caused; (3) by conduct
4  of a "person" named as a defendant; (4) acting under color of state law. See Crumpton v.
5  Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Private parties generally do not act under color
6  of state law, and are properly dismissed from a § 1983 action unless the plaintiff establishes
7  by more than conclusory allegations that the private party was somehow a state actor.
8  Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). The question of whether a
9  person who has allegedly caused a constitutional injury was acting under color of state law
10 is a factual determination. See Gritchen v. Collier, 254 F.3d 807, 813 (9th Cir. 2001). A
11 defendant has acted under color of state law where he or she has "exercised power
12 'possessed by virtue of state law and made possible only because the wrongdoer is
13 clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting
14 United States v. Classic, 313 U.S. 299, 326 (1941)). Thus, §1983 is not invoked by "purely
15 private conduct." Briley v. California, 564 F.2d 849, 855 (9th Cir. 1977). Private action, no
16 matter how wrongful, is not actionable. *Id.*

17 In light of the foregoing, Plaintiff's Complaint fails to state a claim. Plaintiff's action
18 is improperly brought pursuant to § 1983 because the Defendants were not acting under
19 color of state law. In his Complaint, Plaintiff provides extensive supporting facts, including
20 identification of the named Defendants as purely private actors. It is beyond doubt that
21 Plaintiff can prove no set of facts in support of the claim that would entitle Plaintiff to relief.
22 See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Accordingly, Plaintiff's
23 Complaint will be dismissed without leave to amend.

24 **IT IS THEREFORE ORDERED that:**

25 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
26 U.S.C. § 1915(a)(1).

27
28

1  (2) Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $14.81. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Plaintiff's Request for Service Packet (Doc. # 3) is denied.

(4) The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.

(5) The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 9th day of November, 2005.

David G. Campbell
United States District Judge